**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re:<br><br>Rule 45 Subpoena to Non-Party Wu Family 2012 Gift Trust | **Case No. 9:24-mc-81595-RS** |

**NON-PARTY WU FAMILY 2012 GIFT TRUST'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER AND MEMORANDUM OF LAW IN SUPPORT**

Gene Greenfest (the "Trustee"), as trustee for the Wu Family 2012 Gift Trust (the "Trust"), respectfully submits this reply (the "Reply") to *Plaintiff's Memorandum of Law in Opposition to the Motion of Non-Party Wu Family 2012 Gift Trust's to Quash a Discovery Subpoena or, in the Alternative, for a Protective Order* (the "Response") filed by Landmark Portfolio Mezz LLC ("Landmark"). In support of this Reply, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. For the reasons set forth herein and in the *Non-Party Wu Family 2012 Gift Trust's Motion to Quash Subpoena or, in the Alternative, for a Protective Order and Memorandum of Law in Support* (the "Motion"),[1] the Trust maintains that the Subpoena to Third-Party in a Bankruptcy Case (or Adversary Proceeding) (the "Subpoena") should be quashed. To the extent that the Court is not inclined to grant such relief, the Trust (i) requests that Landmark be required to depose the Trustee either virtually via videoconference or, as proposed by Landmark in its Response, in person at the offices of Meland Budwick, P.A. in Miami, Florida, Landmark's local counsel, and (ii) further requests that Landmark be required to more narrowly tailor its document production

[1] Capitalized terms used but not otherwise defined in this Reply shall have the meanings ascribed to them in the Motion.

requests and accept documents via email production as also proposed by Landmark in its Response. The Trustee is prepared to turn over documents and communications relevant to the time periods surrounding OPC-JW LLC's ("OPC") purchases of bankruptcy claims, which is what the Response claims Landmark is truly looking for. Response, ⁋⁋ 16-18. It has come to the Trustee's attention that in addition to the documents Landmark has received from the examiner in the Wu Bankruptcy, Landmark also has in its possession all documents that the Trust turned over to the Chapter 7 Trustee.[2] It is unfortunate that Landmark's counsel refused to engage with counsel to the Trust when they attempted to meet and confer prior to the filing of the Motion, as such engagement would likely have obviated the need for the Motion and this Reply and resulted in a mutually agreeable solution.

2. Further, contrary to Landmark's mistaken belief, Jeffrey Wu has no authority over the Trust. He was the settlor, meaning he made the initial contributions of property to the Trust and established the Trust for his children in 2012. Furthermore, counsel to the Trust does not represent the Trust's beneficiaries or Jeffrey Wu. The Trustee has no knowledge of the conduct alleged by Landmark. The Trustee's knowledge is limited to the nature of the Trust, the identities of the Trust beneficiaries, and the method and amount of distributions to the Trust beneficiaries.

## I. ARGUMENT

3. This Reply seeks to rebut the Response with respect to the following: First, the Trustee and the Trust transact business in Florida and are residents of the state of Florida. Second, the Subpoena is overly broad in scope and not, as Landmark contends, narrowly tailored to its purported purposes. Finally, Landmark misunderstands the Trust's argument regarding the

[2] In fact, Landmark references Trust documents from March 2021 in its Response, clearly evidencing the fact that Landmark already has in its possession Trust documents for a period up to at least March 2021.

Subpoena's failure to allow a reasonable time to comply. For these reasons and the reasons stated in the Motion, the Subpoena should be quashed.

### A. The Trustee and the Trust Transact Business in Florida and are Florida Residents

4. Landmark contends the that the Trust is based in New York and that there is insufficient evidence that Florida is the Trustee's place of residence and business. Response, ⁋⁋ 10-14. This argument fails for a number of reasons. First, as evidenced by the *Declaration of Gene Greenfest in Support of Non-Party Wu Family 2012 Gift Trust's Motion to Quash Subpoena or, in the Alternative, for a Protective Order and Memorandum of Law in Support* (the "Declaration") (attached hereto as **Exhibit A**), the Trustee is in fact a resident of Florida and regularly transacts business from his home in Delray Beach. Declaration, ⁋⁋ 2, 4. The Trustee has been a Florida resident since 2016. Declaration, ⁋ 2. He completes all work related to the Trust from his phone and laptop, primarily from his residence in Delray Beach, Florida. Declaration, ⁋ 4. All interactions and correspondence with the Trust beneficiaries occur via telephone, text message, or email. Declaration, ⁋ 4. Additionally, the Trustee is a retired partner of the accounting firm, Anchin Block & Anchin LLP ("Anchin"), and does not have an office at any of its locations. Declaration, ⁋ 3. Indeed, he does not appear among the individuals included on the "Meet Our Team" section of Anchin's website. *See* https://www.anchin.com/about/our-team/. Thus, the Trustee's place of residence and business is Florida.

5. Second, the Trust's legal address is a Florida address. A trust is not a legal entity in the same way as is a corporation or limited liability company. The trust is instead a legal relationship in which legal title is held by a trustee, while beneficial title is held by the beneficiaries. *See Citibank, N.A. v. Kollen*, 162 Misc. 2d 883, 885 (N.Y. Sup. Ct. 1994) ("A Trustee is a person who holds property in trust for the benefit of another and acts in a representative capacity for the benefit of that beneficiary"). The address of the trustee necessarily is the relevant legal address for the trust because it is the trustee who holds legal title under a trust relationship.

*See id.* at 885-87 (using this logic to apply *New York State Civil Practice Law and Rule* 308 to a trustee as a "natural person" to receive service on behalf of the trust). The *Citibank* court ultimately found that service on the trust was proper, in part, because it was made at the trust's place of business, which was by extension, the trustee's place of business. *Id.* at 887.

6. Here, the residence and address of the Trustee is in Delray Beach, Florida, where he transacts business related to the Trust. Accordingly, as the holder of legal title under the Trust, the Trustee's Florida address is also the address and place of business of the Trust. The Trust's creation under New York law and its connections to New York are not relevant to where the Trustee resides and transacts business. Thus, Florida is properly considered the place of business and residence of the Trustee and the Trust.

**B. The Subpoena is Overly Broad in Scope and Not Tailored to its Purpose**

7. Landmark contends that "the focus of the Subpoena is on transactions involving the Debtor, the Trust and OPC during the specific period after the filing of the Debtor's bankruptcy case. Indeed, the Subpoena was specifically tailored to obtain responsive documents and communications relevant to the time periods surrounding OPC's purchases of bankruptcy claims." Response, ⁋⁋ 16-18. It further contends that other than the request relating to the organization and formation of the Trust, the remaining requests are limited "in time and scope to targeted documents that came into existence during the pendency of the Debtor's bankruptcy case." Response, ⁋ 19. These arguments must be rejected.

8. First, the Subpoena is not narrowly tailored to specific transactions or the period of time after the filing of the bankruptcy case. Specifically, in the First Third-Party Request for Production of Documents, request numbers 4 and 6 ask for:

> 4. All Communications and Documents concerning the transfer of funds or monies from the Trust to any beneficiary, OPC, the Debtor, or any other family member.

> 6. All Communications and Documents relating to bank and financial accounts maintained by the Trust, including bank statements and resolutions to establish and fund bank accounts.

9. These requests are not limited to any specific period of time and would require the Trustee to produce documents dating back to 2012. Request 4 implicates all disbursements made dating back to the Trust's creation in 2012. Likewise, request 6 implicates all communications and documents relating to the Trust's bank and financial accounts since its creation in 2012. Thus, these requests are anything but narrowly tailored in time and scope.

10. Landmark further contends that the fact that the Trustee already produced many of the documents covered by the Subpoena to the examiner and Chapter 7 Trustee is "wholly irrelevant as to why the Subpoena is unduly burdensome." Response, ⁋ 20. This argument fails because Landmark's acknowledgement that the Trustee has already produced relevant documents defeats Landmark's previous argument that its requests are narrowly tailored and limited to certain time periods. A request cannot be narrowly or specifically tailored when it requests documentation that has already been produced and made accessible. Such a request would, by definition, be duplicative and unnecessarily burdensome. Requiring the Trustee to produce documents prior to 2021 would require him to spend time and effort re-examining documents and communications that he previously spent time and effort reviewing in order to ensure complete compliance with the Subpoena. If Landmark's claim that it is truly focused on communications and documents that relate to "OPC's purchases of bankruptcy claims" is to be believed, then there is no good reason why the Trustee should be unduly burdened with re-examining documents from the Trust's creation in 2012 through 2020. Thus, the fact that the Trustee already produced many of the documents covered by the Subpoena is exceedingly relevant to the fact that the Subpoena is unduly burdensome.

### C. Landmark Misunderstands the Trust's Argument Regarding the Subpoena's Failure to Allow a Reasonable Time to Comply

11. As Landmark notes, the determination of "a reasonable time within the meaning of Rule 45 depends on the circumstances of the case." *SEC v. Levine, No. 09-80135-mc-Hurley/Hopkins*, 2009 WL 10712514, at *6 (S.D. Fla. May 5, 2009) (citation omitted). Response, ⁋ 22. The Trust does not argue that thirty (30) days is not a reasonable time to comply with a subpoena under typical circumstances, rather that the totality of the facts and circumstances in this unique case resulted in the Subpoena's compliance deadlines being unreasonable. Here, the totality of the facts and circumstances were such that the compliance deadlines were unreasonable, especially considering the fact that Landmark's counsel rebuffed the Trust's counsel's attempt to meet and confer. Thus, the facts and circumstances of this case are critical to the Trust's argument that the Subpoena failed to allow a reasonable time for compliance.

## II. CONCLUSION

12. For the reasons set forth above, and in the Motion, the Trust respectfully requests that the Court grant the Motion, or in the alternative, limit the Subpoena to: (i) a deposition to be conducted either electronically (via telephone or videoconference) or in Landmark's local counsel's office in Miami and (ii) the production of documents and communications from 2021 to present relating to OPC's purchases of bankruptcy claims in the Wu Bankruptcy.

Dated: January 21, 2025

Respectfully submitted,

By: */s/ Gregg Steinman*
Gregg Steinman
FL Bar No. 124255
gsteinman@mwe.com
McDermott Will & Emery LLP
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131
Telephone: (305) 329-4473

Attorney for Non-Party GENE GREENFEST, in his capacity as trustee for the Wu Family 2012 Gift Trust

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a true and correct copy of the foregoing to be served on January 21, 2025, on all counsel and parties of record by the means and at the addresses indicated in the attached Service List.

*/s/ Gregg Steinman*
Gregg Steinman

**SERVICE LIST**

Kevin J. Nash
knash@gwfglaw.com
Goldberg Weprin Finkel Goldstein, LLP
125 Park Avenue, 12th Floor
New York, New York 10017
(212) 221-5700

Attorney for Landmark Portfolio Mezz LLC

***VIA ECF***

Meaghan Elizabeth Murphy
mmurphy@melandrussin.com
Meland Russin & Budwick, P.A.
200 S. Biscayne Blvd.
Suite 3200
Miami, Florida 33131
(305) 358-6363

Attorney for Landmark Portfolio Mezz LLC

***VIA ECF***

J Ted Donovan
tdonovan@gwfglaw.com
Goldberg Weprin Finkel Goldstein, LLP
125 Park Avenue, 12th Floor
New York, New York 10017
(212) 221-5700

Attorney for Landmark Portfolio Mezz LLC

***VIA E-MAIL AND OVERNIGHT DELIVERY***

Austin Graff
agraff@scherlawfirm.com
The Scher Law Firm, LLP
600 Old County Road, Suite 440
Garden City, New York 11530
(516) 746 5040

Attorneys for OPC-JW LLC

***VIA E-MAIL AND OVERNIGHT DELIVERY***